UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL EDWARD TURNER,<br><br>      Plaintiff,<br><br>      v.<br><br>INDYGO,<br><br>      Defendant. | No. 1:19-cv-04582-JPH-TAB |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Paul Edward Turner alleges that his former employer, Indianapolis Public Transportation Corporation ("IndyGo"), fired him because of his race, color, gender, religion, and national origin and retaliated against him because of his union activity. Dkt. 1 at 5. IndyGo has filed a motion to dismiss for failure to state a claim. Dkt. [14]. For the reasons that follow, that motion is **GRANTED in part and DENIED in part**. Mr. Turner's race, color, gender, sex, and national-origin discrimination claims and retaliation claim are **DISMISSED** but his religious discrimination claim **shall proceed**.

I.
Facts and Background

Because IndyGo has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Mr. Turner worked for IndyGo as a probationary fleet runner in June 2018. Dkt. 15-1. During his employment, he had a minor accident, delivered a vehicle to the wrong place, and had an absence that he believed should have

1

been excused. *Id.* IndyGo terminated Mr. Turner's employment around December 3, 2018. Dkt. 1 at 4.

Mr. Turner filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC charge") on August 26, 2019. Dkt. 15-1. The charge concluded: "Nevertheless, on December 1, 2018, my supervisor terminated my employment, which I believe occurred due to my moral and religious beliefs. I have been discriminated against on the basis of m[y] religion, in violation of Title VII of the Civil Rights Act of 1964, as amended." *Id.* The EEOC issued a right-to-sue letter. Dkt. 1-1.

Mr. Turner brought this suit on November 15, 2019 alleging that IndyGo violated Title VII by terminating him because of his race, color, gender, sex, religion, and national origin. Dkt. 1 at 4-5. He alleged that he did not meet IndyGo's standards for termination and that he was fired "all based on [his supervisor's] retaliation against [him] due to [his] going to the union and a supervisor about [his supervisor's] behavior which stems from the integrity [he] get[s] from God." *Id.* at 5. IndyGo has moved to dismiss these claims. Dkt. 14.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell*

2

*Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under that standard, a plaintiff must provide "some specific facts" that "raise a right to relief above the speculative level." *McCauley,* 671 F.3d at 616 (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010)). Applying the procedural pleading requirements to the applicable substantive law is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 616.

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.*

### III.
### Analysis

**A. Exhaustion of Claims**

Title VII makes it unlawful for employers to "discharge any individual, or otherwise to discriminate against any individual" because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Before bringing a Title VII lawsuit, an employee must exhaust his administrative remedies by filing charges with the EEOC and receiving a right-to-sue letter.

*Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)). Only claims included in the EEOC charge may be raised in a Title VII lawsuit. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). This requirement "promote[s] resolution of the dispute by settlement or conciliation" and "ensure[s] that he sued employer[ ] receive[s] adequate notice of the charges." *Id.*

IndyGo argues that Mr. Turner did not exhaust his claims with the EEOC because his complaint "includes claims not included in his Charge of Discrimination" and "is not factually related to his Charge of Discrimination." Dkt. 15 at 7. Mr. Turner does not respond to these arguments. *See* dkt. 22 at 1.

To be included in a lawsuit, a claim must first have been included in the EEOC charge or be "like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez*, 937 F.3d at 1004 (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)). Claims are "like or reasonably related" when "(1) 'there is a reasonable relationship between the two allegations in the charge and the claims in the complaint' and (2) 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" *Id.* (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)); *see also Moore v. Vital Prod., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011). The relevant claim and the EEOC charge "must, at minimum, describe the same conduct and implicate the same individuals." *Id.* at 1005 (quoting *Cheek,* 31 F.3d at 501).

4

Here, Mr. Turner identified only one claim in his EEOC charge—discrimination on the basis of his religion. Dkt. 15-1. The EEOC charge states: "my supervisor terminated my employment, which I believe occurred due to my morals and religious beliefs." *Id.* In contrast, Mr. Turner's complaint alleges multiple additional discriminatory and retaliatory reasons why he believes he was fired. Dkt. 1 at 5.

Except for religious discrimination, the claims set forth in the complaint therefore exceed the scope of the EEOC charge. While Mr. Turner's EEOC charge "includes allegations of religious discrimination," dkt. 23 at 3, it did not mention any of the other discriminatory and retaliatory reasons set forth in the complaint: retaliation, retaliatory conduct, union activity, race, color, gender, sex, and national-origin discrimination. Dkt. 1; dkt. 15.

This is like *Geldon*, in which the plaintiff's EEOC charge complained solely about not being hired for one position. 414 F.3d at 820. The charge did not mention a second position—even though it was "offered around the same time, with decisions made by the same hiring officials"—so it only gave the employer notice that her claim related to the first position. *Id.* Similarly here, Mr. Turner's EEOC charge mentions only religious discrimination, dkt. 15-1, and his response does not explain how the claims in the complaint can be expected to grow out of an EEOC investigation of that charge. Dkt. 22 at 1.

The EEOC charge therefore did not give IndyGo "some warning of the conduct about which the employee is aggrieved" or afford "the EEOC and the employer an opportunity to attempt conciliation without resort to the courts."

5

*Ezell v. Potter,* 400 F.3d 1041, 1046 (7th Cir. 2005).  All of Mr. Turner's claims except discrimination based on religion are therefore dismissed.

### B. Allegation of religious discrimination

IndyGo argues that Mr. Turner's complaint fails to state a claim under *Twombly* and *Iqbal* because his factual claims allege reasons for his termination outside of Title VII's scope.  Dkt. 15 at 3-4; *see Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 570.  Mr. Turner responds by repeating that IndyGo discriminated against him based on his religion.  Dkt. 22 at 1.

"[G]iven the straightforward nature of the claim" here, *Iqbal* and *Twombly* require "nothing more" at this pleading stage than allegations of "(1) who discriminated against [the plaintiff]; (2) the type of discrimination that occurred; and (3) when the discrimination took place."  *McCauley,* 671 F.3d at 617 (citing *Swanson,* 614 F.3d at 404).  Moreover, the pleading standard for pro se plaintiffs is "considerably relaxed," *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1028 (7th Cir. 2013), and courts must "interpret the *pro se* complaint liberally," *Sause v. Bauer,* 138 S. Ct. 2561, 2563 (2018).

IndyGo argues that Mr. Turner pleaded himself out of court by failing to allege that membership in a protected class caused his termination and by providing additional facts that fail to support a claim of discrimination.  Dkt. 15 at 3–4.  But Mr. Turner's complaint identifies the type of discrimination alleged (religious), by whom (his supervisor) and when (in connection with his 2018 termination).  Dkt. 1 at 5.  This is all he needed to allege.  *See McCauley,*

671 F.3d at 617. Including "other, largely extraneous facts . . . does not undermine the soundness of [the] pleading. *Swanson,* 614 F.3d at 405.

Mr. Turner's "complaint merely needs to give the defendant sufficient notice . . . to begin to investigate and prepare a defense." *Luevano,* 722 F.3d at 1028. It does that, so Mr. Turner has alleged enough "factual heft" to survive IndyGo's motion to dismiss on his religious discrimination claim. *McCauley,* 671 F.3d at 617; see *Swanson,* 614 F.3d at 404.

## IV.
## Conclusion

IndyGo's motion to dismiss Mr. Turner's Complaint for Employment Discrimination, dkt. [14], is **GRANTED in part and DENIED in part**. Mr. Turner's race, color, gender, sex, and national-origin discrimination claims and retaliation claim are **DISMISSED**; only his religious discrimination claim **shall proceed**.

**SO ORDERED.**

Date: 8/5/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PAUL EDWARD TURNER
143.5 S. Randolph St.
Indianapolis, IN 46201

Stephanie V. McGowan
FROST BROWN TODD LLC (Indianapolis)
smcgowan@fbtlaw.com

Anthony W. Overholt
FROST BROWN TODD LLC (Indianapolis)
aoverholt@fbtlaw.com