UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL EDWARD TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04582-JPH-TAB |
| ) | |
| INDYGO, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON AUGUST 26, 2020, TELEPHONIC STATUS CONFERENCE**

Plaintiff appeared in person and Defendant appeared by counsel August 26, 2020, for a telephonic status conference to address ongoing problems with Plaintiff's discovery responses. This is not the first time the Court has had to deal with Plaintiff's discovery misconduct. The Court addressed Plaintiff's discovery shortcomings, as well as his failure to comply with certain Case Management Plan deadlines, at a June 25, 2020, conference. As a result of that conference, the Court ordered Plaintiff to comply with his discovery obligations and the CMP by July 16, 2020. [Filing No. 41.] Plaintiff made some efforts to comply with this Court's order. [Filing Nos. 42-44.] However, these efforts are woefully inadequate. For example, Plaintiff still has not responded specifically to Defendant's interrogatories, and his filings are incomplete. Moreover, he appears to have filed a thumb drive with the Court containing documents responsive to Defendant's discovery requests, rather than providing the documents to Defendant. Defendant may wish to inquire with the Clerk's office whether the Clerk has possession of that thumb drive and whether Defendant can access the records on any such thumb drive.

Plaintiff's ongoing discovery missteps would have justified granting Defendant's motion to compel [Filing No. 45] and imposing a monetary sanction against Plaintiff.  Plaintiff's conduct has clearly caused Defendant's counsel, and this Court, to waste time.  However, the Court, in its discretion, declined to grant Defendant's motion to compel, but stressed that Plaintiff will face sanctions, including the possibility of dismissal, if he continues to ignore his discovery obligations and Court orders.  The Court ordered Plaintiff to respond specifically to the 24 interrogatories Defendant served on Plaintiff on April 1, 2020.  Plaintiff's responses must be verified.  In addition, the Court ruled that Plaintiff need not sign the authorizations/releases for records Defendant served on him, except that Defendant may serve a revised authorization/release for unemployment records for Plaintiff from December 1, 2018, through the present.  If Defendant serves this revised release, Plaintiff shall have seven days thereafter to sign the release and return it to Defendant.

In addition, the Court denied as moot Defendant's motion for extension of time [Filing No. 36] given that Defendant has responded to Plaintiff's discovery.  The Court also denied Plaintiff's motion to submit discovery [Filing No. 33.]  A review of that motion reveals that the motion is nonsensical and that any request for relief in that motion is misplaced.

Date:  9/2/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email

PAUL EDWARD TURNER
143.5 S. Randolph St.
Indianapolis, IN 46201