UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL EDWARD TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04582-JPH-TAB |
| | ) | |
| INDYGO, | ) | |
| , | ) | |
| Defendant. | ) | |

**ORDER**

**I.   Introduction**

This matter is before the Court on Plaintiff Paul Edward Turner's motions for failure to respond to interrogatories [Filing No. 61; Filing No. 62], which the Court will interpret as motions to compel.  Turner, proceeding pro se, filed two identical motions requesting that Defendant IndyGo "answer my questions."  [Filing No. 61; Filing No. 62.]  For the reasons stated below, Turner's motions are denied.

**II.   Background**

On April 29, 2020, Turner filed a discovery request in the form of an email, in which he sought various information from IndyGo.  [Filing No. 32.]  On May 15, 2020, Turner filed a similar additional discovery request seeking further information from IndyGo.  [Filing No. 33.] IndyGo interpreted these docket entries as Turner's attempts to serve his first set of interrogatories and his first set of requests for production of documents.  [Filing No. 63, at ECF p. 1]  After seeking—and receiving—extensions of time from the Court, IndyGo timely responded to Turner's requests.  [Filing No. 63-1; Filing No. 63-2.]  However, IndyGo responded that many of Turner's interrogatories were "overly broad, vague, ambiguous, confusing, not

reasonably limited in time and/or scope, and/or IndyGo was unable to decipher the information that Turner seeks." [Filing No. 63, at ECF p. 2.] When IndyGo had objections, IndyGo specifically stated the objection and reasoning in its answer. [Filing No. 63-1; Filing No. 63-2.]

IndyGo states that on September 2, 2020, "Turner delivered what IndyGo interpreted as additional interrogatory requests." [Filing No. 63, at ECF p. 2.] In total, Turner's second set of interrogatories contained 28 additional interrogatory requests. [Filing No. 63-3.] On October 2, 2020, IndyGo provided Turner with its answers to Turner's second set of interrogatories. [Filing No. 63-4.] In addition, on October 26, 2020, IndyGo provided its first supplemental answers to Turner's second set of interrogatories, supplementing its answer to Interrogatory No. 25. [Filing No. 63-5.] That same date, Turner filed the two identical motions that now pend, alleging that IndyGo failed to respond to his interrogatories. [Filing No. 61; Filing No. 62.] Since Turner's motions did not articulate any specific interrogatory responses at issue, IndyGo interpreted his motions as relating to IndyGo's responses to Turner's second set of interrogatories from September 2, 2020. [Filing No. 63, at ECF p. 3.] Turner did not provide any further explanation to the Court. Thus, this matter now pends.

**III.   Discussion**

Turner requests that IndyGo answer his questions and takes issue with the fact that IndyGo "objected to everything[.]" [Filing No. 61; Filing No. 62.] Turner contends that all his requests are relevant. [Filing No. 61; Filing No. 62.] In response, IndyGo notes that it did respond to Turner's interrogatories and argues that its objections to Turner's written discovery requests are proper. [Filing No. 63, at ECF p. 3.]

Contrary to Turner's assertion, IndyGo did not fail to respond to his interrogatories, nor did IndyGo simply object to everything. Rather, IndyGo provided specific grounds for

2

objections, as required by Fed. R. Civ. P. 33(b)(4), to each of Turner's second set of interrogatories, before providing substantive answers to Interrogatory Nos. 8, 9, 11, 12, 16, 20, 23, 24, and 25.  [Filing No. 63, at ECF p. 4.]

In response to Turner's motions, IndyGo restates its objections to the remaining interrogatories, including that some requests relate to a type of discrimination that is not alleged in Turner's complaint; some are overbroad and unduly burdensome without a reasonable limit in time and/or scope; some IndyGo was unable to decipher; and some exceeded the Fed. R. Civ. P. 33(a)(1) limit of 25 interrogatories per party without leave of court.  [Filing No. 63, at ECF p. 4-5.]  IndyGo's objections to Turner's interrogatories are specific and reasonable.  *See* Fed. R. Civ. P. 33(b)(4).  And on the questions where IndyGo did provide a substantive answer, it did so separately and fully, in accordance with Fed. R. Civ. P. 33(b)(3).  Therefore, to the extent Turner seeks to compel a response, his motions [Filing No. 61; Filing No. 62] are denied.[1]

**IV.     Conclusion**

Turner's motions [Filing No. 61; Filing No. 62] are denied.  IndyGo has provided answers to Turner's interrogatories, in addition to specific objections when applicable.

Date: 12/4/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] To the extent that Turner contemplates revising any of his interrogatories, the Court notes that the deadline for non-expert witness discovery and discovery relating to liability issues was previously extended to October 15, 2020, and has since passed.  [Filing No. 57.]

Distribution:

All ECF-registered counsel of record via email

PAUL EDWARD TURNER
143.5 S. Randolph St.
Indianapolis, IN 46201