UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL EDWARD TURNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-04582-JPH-TAB ) |
| INDYGO, | ) ) |
| Defendant. | ) ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Mr. Turner brought this action alleging that he was fired because of his religion. Dkt. 1. IndyGo has filed a motion for summary judgment, dkt. [64], which Mr. Turner has not opposed. No reasonable jury could find that Mr. Turner was fired because of his religion, so that motion is **GRANTED**.

I.
**Facts and Background**

Because Defendant has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). Here, Mr. Turner has not responded to the summary judgment motion, so the Court treats IndyGo's supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

IndyGo—Indiana's largest public-transportation provider—hired Mr. Turner in June 2018 as a union-represented General Laborer. Dkt. 65-1 at 3–

1

4. That position required him to complete a six-month probationary period. *Id.* at 4, 146 (employment offer letter). During those months, Mr. Turner received three Employee Action Reports ("EAR"):

1) On August 29, 2018, Mr. Turner received an EAR and written warning for a preventable accident when his bus hit a pole in a garage. *Id.* at 4–5, 157.

2) On September 18, 2018, Mr. Turner received an EAR and verbal warning under IndyGo's attendance policy for calling off work. *Id.* at 5, 159.

3) On October 4, 2018, Mr. Turner received an EAR and written warning for failing to check a driver's report about problems with a bus that Mr. Turner was responsible for. *Id.* at 5, 161.

Because of those EARs and because Mr. Turner had lost and forgotten his identification badge, IndyGo extended Mr. Turner's probationary period by 120 days, to April 4, 2019. *Id.* at 4–6, 164. IndyGo then terminated Mr. Turner's employment on November 29, 2018, citing unsatisfactory work performance during the probationary period. *Id.* at 6, 166.

Mr. Turner brought this action in November 2019, alleging that he was fired because of his race, color, gender, religion, and national origin and was retaliated against because of his union activity. Dkt. 1 at 5. IndyGo filed a motion to dismiss, dkt. 14, which the Court granted on all claims except Mr. Turner's religious-discrimination claim, dkt. 49. IndyGo has moved for

summary judgment on that remaining claim. Dkt. 64. Mr. Turner did not respond.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

## III.
## Analysis

"Title VII prohibits employers from discriminating against" employees because of their religion. *Porter v. City of Chicago*, 700 F.3d 944, 951 (7th Cir. 2012) (citing 42 U.S.C. § 2000e-2(a)(1)). At this summary judgment stage, "all evidence . . . must be evaluated as a whole" and "[t]he legal standard . . . is simply whether the evidence would permit a reasonable factfinder to conclude

3

that the . . . proscribed factor caused the [adverse action]." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765–66 (7th Cir. 2016).

IndyGo argues that it's entitled to summary judgment because there is no evidence that Mr. Turner was terminated because of his religion. Dkt. 66 at 6–9. Mr. Turner has not responded.

IndyGo has designated evidence that Mr. Turner was not meeting its expectations. During his initial probationary period, Mr. Turner received EARs for a preventable accident, dkt. 65-1 at 4–5, 157, for calling off work, *id.* at 5, 159, and for failing to check a driver's report about problems with a bus, *id.* at 5, 161. Mr. Turner was also cited for losing and forgetting his identification badge. *Id.* at 4–6, 164. Mr. Turner has not contested any of those incidents, or designated evidence showing that he was meeting IndyGo's expectations. The "uncontroverted evidence" therefore shows that Mr. Turner's work "was fraught with problems" and did not meet IndyGo's legitimate expectations. *Ferrill v. Oak Creek–Franklin Joint Sch. Dist.*, 860 F.3d 494, 500 (7th Cir. 2017).

Nor does any designated evidence connect Mr. Turner's termination to his religion. Instead, Mr. Turner testified that he did not talk about his religious beliefs at work:

> Q: Did you ever talk to people about your religious beliefs at work?
> A: That's irrelevant. Because I heard that before, something like that, that that's irrelevant to even ask somebody about their religion . . . .
> Q: You're not answering the question, though.
> A: I did answer. It's irrelevant.
>                     . . .

4

> Q: Did you talk about [religion] at work?
> A: I just answered the question. . . . I didn't get hired for that. . . . .
> Q: Do you think you got fired for that or something else?
> A: I don't know what. You tell me.

Dkt. 65-2 at 16–17 (Turner Dep. at 31–32). Without evidence that IndyGo discriminated against Mr. Turner based on his religion—or even knew that he was religious—no reasonable jury could find that he was fired because of his religion. *See Igasaki v. Ill. Dept. of Fin. & Prof. Reg.*, 988 F.3d 948, 958–59 (7th Cir. 2021).

IndyGo is therefore entitled to summary judgment. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 221 (7th Cir. 2015) ("Summary judgment for the employer is proper where the employer provides undisputed evidence that the adverse employment action is based upon the employee's poor job performance.").

## IV.
## Conclusion

IndyGo's motion for summary judgment is **GRANTED**. Dkt. [64]. Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 5/14/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PAUL EDWARD TURNER
143.5 S. Randolph St.
Indianapolis, IN 46201

Stephanie V. McGowan
FROST BROWN TODD LLC (Indianapolis)
smcgowan@fbtlaw.com

Anthony W. Overholt
FROST BROWN TODD LLC (Indianapolis)
aoverholt@fbtlaw.com