UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| PAUL EDWARD TURNER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-04582-JPH-TAB |
| INDYGO, | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Plaintiff, Paul Turner, brought this action alleging that he was fired based on his race, color, gender, religion, and national origin. Dkt. 1; *see* dkt. 49. Defendant, IndyGo, moved to dismiss those claims, dkt. 14, which the Court granted except on Mr. Turner's religious discrimination claim, dkt. 49. IndyGo moved for summary judgment on that remaining claim, dkt. 64, and Mr. Turner did not respond. On May 14, 2021, the Court granted IndyGo's summary judgment motion and entered final judgment. Dkt. 71; dkt. 72.

Mr. Turner has now filed a motion for reconsideration, asking the Court to reopen this case and allow him to respond to IndyGo's summary judgment motion. Dkt. 73. He argues that he did not realize he had to respond, and that he thought that his deposition was his only responsibility before trial. *Id.*; dkt. 75.

The Court construes Mr. Turner's motion for reinstatement as a motion to reopen this case under Federal Rule of Civil Procedure 60(b). *Harrington v. City of Chicago*, 433 F.3d 542, 547 (7th Cir. 2006) (explaining that Rule 60(b)—

1

not Rule 59(e)—is the appropriate rule for attempting to "undo . . . procedural failures"). "Relief from a final judgment [under Rule 60(b)] is available because of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, the judgment is void or has been satisfied, or any other reason that justifies relief." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supp., Inc.*, 961 F.3d 942, 948 (7th Cir. 2020).

When IndyGo moved for summary judgment, it filed the notice to pro se parties that Local Rule 56-1(k) requires. Dkt. 67. That notice explained that "Defendant seeks to have some part or all of this lawsuit decided against you without a trial" and that "[y]ou have the right to file a response to the motion." *Id.* at 1. It added that "*a failure to properly respond will be the same as failing to present any evidence in your favor at trial.*" *Id.* (emphasis in original). Mr. Turner was therefore advised of his rights and responsibilities under Federal Rule of Civil Procedure 56, so he is not entitled to relief under Rule 60(b). *See Easley v. Kirmsee*, 382 F.3d 693, 699 (7th Cir. 2004).

Moreover, summary judgment was not granted because Mr. Turner failed to respond, but because the designated evidence did not allow a reasonable jury to find that he was fired because of his religion. Dkt. 71 at 5. The Court addressed Mr. Turner's deposition testimony in that ruling, and Mr. Turner's motion for reconsideration does not identify any evidence that could support a different result. *See* dkt. 73.

Mr. Turner's motion for reconsideration is therefore **DENIED**. Dkt. [73]. This case remains closed.

**SO ORDERED.**

Date: 7/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PAUL EDWARD TURNER
143.5 S. Randolph St.
Indianapolis, IN 46201

Stephanie V. McGowan
FROST BROWN TODD LLC (Indianapolis)
smcgowan@fbtlaw.com

Anthony W. Overholt
FROST BROWN TODD LLC (Indianapolis)
aoverholt@fbtlaw.com